[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 10, 1997 Date of Application July 24, 1997 Date Application Filed July 24, 1997 Date of Decision August 19, 2002
Application for review of sentence imposed by the Judicial District of Hartford at Hartford, Docket No. CR 96-151219.
Sandra Crowell, Esq. For the petitioner
Victor Carlucci, Esq. For the State of Connecticut
BY THE DIVISION
The petitioner was found guilty after a jury trial and convicted of Robbery in the first degree in violation of Conn. Gen. Statutes §53a-134 (a)(4). The petitioner was sentenced to eighteen years execution suspended after thirteen years with four years probation.
The record shows that on August 3rd, 1996 the Manchester Police responded to a robbery at Subway on Green Road. The victim related that he was behind the counter when Ogden entered and walked behind the counter with a gun in his right hand. The defendant ordered the victim to give him money, and the victim complied. He was then ordered to stay in the back room or he would be shot in the face.
The victim went to the back room and triggered the silent alarm. The defendant took $211. Based on a physical description of both the offender and the car, police spoke to Ogden. He denied committing the robbery, but he was identified from a photo array. CT Page 11328
The attorney for the petitioner argues that the sentence is disproportionate for the crime of robbery in the first degree. The petitioner claims that the average Robbery in the first degree sentence is 6.9 years. The petitioner further claims the sentence exceeded the sentence available under Robbery in the second degree. The petitioner was sentenced during a period when the good time statutes were uncertain and in litigation. Lastly, the attorney for the petitioner argues that the state improperly argued at sentencing that the petitioner had a violent prior history. The petitioner also argues that he was drug addicted at the time he committed the offense.
The state argues that the petitioner has thirteen prior convictions. A number of these convictions were for crimes of violence. The state further argues that the petitioner's claim that the gun was a toy gun is of no merit because the victim did not know if it was in fact a toy gun.
It should first be noted that the petitioner admitted to the probation department that he committed the crime. He only admits that he used a toy gun. The sentencing judge clearly took into account the petitioner's prior conviction before imposing the sentence. The court sentenced the petitioner pursuant to the Robbery in the first degree statute. The petitioner was convicted to this crime of Robbery in the second degree as the petitioner's attorney claims he should have been sentenced. The Court is under no obligation or duty to consider good time statutes when deciding the fair and appropriate sentence. Lastly, the Court was well aware on its own of the petitioner's prior criminal history including any crimes of violence before sentencing the petitioner.
This Division's authority to modify a sentence is limited, under Practice Book § 43-28 to those sentences which are disproportionate or inappropriate using various criteria.
In reviewing this sentence pursuant to § 43-28 of the Practice Book, this Division cannot conclude it was either inappropriate or disproportionate.
Accordingly, it is AFFIRMED.
___________________, J. IANNOTTI
___________________, J. NORKO
___________________, J. CT Page 11329 MIANO
Judges Iannotti, Norko and Miano participated in this decision. CT Page 11330